# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| MALIBU MEDIA, LLC, | Case No: 6:13-mc-005 |
| Plaintiff, | Action Pending in: |
| | **Eastern District of Pennsylvania** |
| v. | 2:12-cv-02078-MMB |
| Verizon Online, LLC, | |
| Defendant. | |

## PLAINTIFF'S MOTION TO ENFORCE SUBPOENA

**TABLE OF CONTENTS**

**I.**     **INTRODUCTION**………………………………………………………………………….4

**II.**     **BACKGROUND**……………………………………………………………………………5

**III.**    **VERIZON'S GENERAL OBJECTIONS**………………………........................8

      **A.**     Verizon's Objection to the Subpoena on the Basis that the Subpoena is Intended to Harass Fails on Multiple Grounds………………………………………………………...8

      **B.**     Verizon's Objection to the Subpoena on the Basis that is Unnecessary Fails on Multiple Grounds……………………………………………………………………………….9

      **C.**     Verizon's Objection to the Subpoena On the Basis that a Deposition is Unduly Burdensome, Abusive, and Unnecessary is Frivolous…………………………………………...10

            1.     Verizon's Objection Based on Misjoinder Fails on Multiple Grounds….10

            2.     Malibu Media Does Not Engage in Shakedown Tactics………………...11

            3.     Malibu Media's Investigative Techniques Are Reliable………………...11

            4.     Verizon Representatives Have the Requisite Knowledge……………….12

      **D.**     Verizon's Fourth, Fifth, and Sixth Objections Are Moot………………………..12

**E.**     The Underlying Court Has Entered A Protective Order Mooting Verizon's Seventh Objection……………………………………………………………………………………12

**F.**     Plaintiff's Subpoena is Not Vague and Ambiguous Because Verizon Identified the Defendant In The Underlying Case As Its Subscriber……………………………………...13

**IV.**    **VERIZON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR DOCUMENTS**……………………………………………………………………………….13

**V.**     **VERIZON'S OBJECTIONS TO DEPOSITION TOPICS**…………………………..13

**VI.**    **CONCLUSION**……………………………………………………………………14

**VII.**   **CERTIFICATE OF CONFERENCE**……………………………………………14

# **TABLE OF AUTHORITIES**
**Cases**
*AF Holdings LLC v. Does 1-1,058*, 2012 WL 3204917, at *8 (D.D.C. 2012) ............................ 10
*AF Holdings, LLC v. Does 1-162*, 11-23036-CIV, 2012 WL 488217 at *1
(S.D. Fla. Feb. 14, 2012)........................................................................................................ 11
*IBEW-NECA Sw. Health & Benefit Fund v. Elec. Connections Contractors, Inc.*, CIV.A.
302CV0968L, 2003 WL 22132788 (N.D. Tex. Aug. 25, 2003)...................................................... 8
*Malibu Media v. John Doe 1*, 2:12-cv-02078-MMB (E.D. Pa. April 19, 2012) .......... 4,5,7,10&12
*Malibu Media v. John Does 1-14*, 2:12-cv-02084-MMB (E.D. Pa. April 19, 2012)..................... 5
*Malibu Media v. John Does 1-22*, 5:12-cv-02088-MMB (E.D. Pa. April 19, 2012)..................... 5
*Malibu Media, LLC v. Verizon Online, LLC*, Case No. 6:12-mc-00017-C
(N.D. Tex. Dec. 10, 2012) ........................................................................................................ 8
*United States v. Young Bros., Inc.*, 728 F.2d 682, 693 (5th Cir. 1984) ......................................... 9
*Wurlitzer Co. (Holly Springs Div.) v. U.S. Equal Employment Opportunity Comm'n*, 50 F.R.D.
421, 424 (N.D. Miss. 1970) ...................................................................................................... 14

**Rules**

Fed. R. Civ. P. 45(c)(2)(B)(i)..................................................................................................4&14
Fed. R. Civ. P. 45(e) ...............................................................................................................4&15
Fed.R.Civ.P. 30(b)(6).................................................................................................................... 6

## **PLAINTIFF'S MOTION TO ENFORCE SUBPOENA**

Plaintiff, Malibu Media, LLC, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 45(c)(2)(B)(i) and 45(e) hereby moves for the entry of an order enforcing and compelling a response to a third party subpoena served upon Defendant, Verizon Online LLC ("Verizon"), and holding Verizon in contempt for failing to comply with the subpoena, and states:

### I.   INTRODUCTION

Plaintiff seeks Verizon's immediate compliance with a Court-authorized subpoena requiring it to produce identifying information for a John Doe Defendant in *Malibu Media v. John Doe 1*, 2:12-cv-02078-MMB (E.D. Pa. April 19, 2012). Plaintiff has alleged this John Doe Defendant infringed its copyrights multiple times. In late October, 2012 Verizon provided Plaintiff with the identity of the subscriber so that Plaintiff could serve the John Doe Defendant. Plaintiff now seeks Verizon's testimony to lay the foundation to introduce these records into evidence as business records. Without Verizon's testimony, Plaintiff cannot correlate the Defendant to the IP address and litigate its case. Plaintiff also seeks limited relevant information from Verizon in order to further prove that the Defendant infringed Plaintiff's copyrights. The trial for this case has been set for June 5, 2012 and time is of the essence.

Verizon objects to the subpoena on various grounds, all of which lack merit. Indeed, Comcast, the ISP for another John Doe defendant in the case has agreed to comply on the same exact terms proposed to Verizon. Accordingly, Plaintiff respectfully requests that the Court overrule each of Verizon's objections, compel immediate compliance with Plaintiff's subpoena and hold Verizon in contempt for failing to obey the subpoena.

## II. BACKGROUND

Plaintiff filed a complaint against several unknown John Doe Defendants accused of copyright infringement through the BitTorrent protocol in the following cases: *Malibu Media v. John Does 1-16*, 2:12-cv-02078-MMB (E.D. Pa. April 19, 2012); *Malibu Media v. John Does 1-14*, 2:12-cv-02084-MMB (E.D. Pa. April 19, 2012); *Malibu Media v. John Does 1-22*, 5:12-cv-02088-MMB (E.D. Pa. April 19, 2012), which have been consolidated to *Malibu Media v. John Doe 1*, 2:12-cv-02078-MMB (E.D. Pa. April 19, 2012). Thereafter, the Eastern District of Pennsylvania issued an order allowing Plaintiff to subpoena the various John Doe Defendants' Internet Service Providers ("ISP"s) in order to receive the John Doe Defendants' identities. *Id*. at CM/ECF 8.

Five of the John Doe Defendants in the above cases moved to quash Plaintiff's subpoenas on various grounds. See *Malibu Media v. John Does 1-16*, 2:12-cv-02078-MMB (E.D. Pa. April 19, 2012) CM/ECF 9; *Malibu Media v. John Does 1-14*, 2:12-cv-02084-MMB (E.D. Pa. April 19, 2012) CM/ECF 11; *Malibu Media v. John Does 1-22*, 5:12-cv-02088-MMB (E.D. Pa. April 19, 2012) CM/ECF 9, 10, 14. On October 3, 2012, Judge Baylson, presiding over the above cases, entered an order denying the John Doe Defendants Motion to Quash. Judge Baylson held that Plaintiff's case for copyright infringement would go forward against those five John Doe Defendants only, Defendant's 1, 6, 13, 14, and 16 and scheduled a Bellwether trial. *See Malibu Media v. John Doe 1*, 2:12-cv-02078-MMB [CM/ECF 30]. The Court has entered a trial date of June 12, 2013. *Id*. at. CM/ECF 107.

In response to subpoenas requesting that Comcast Communications Holdings, Inc. ("Comcast") and Verizon Internet Services ("Verizon") (collectively, the "ISPs"), identify the John Doe Defendants through their IP addresses, Verizon Internet Service identified Defendant

5

John Doe 1[1] as the applicable subscriber. On December 28, 2012, in preparation for trial, Plaintiff served Subpoenas Duces Tecum for Deposition (the "Subpoena") on Comcast and Verizon Internet Services. A copy of the Subpoena to Verizon is attached as Exhibit A. Verizon's objection is attached as Exhibit B.[2]

In response to the Subpoenas, the ISPs objected on various grounds. Since then, counsel for Plaintiff has had multiple good faith conferences with counsel for both of the ISPs regarding their compliance with the subpoenas. *See* Exhibit C.[3] During these conversations, Plaintiff's counsel agreed to limit the scope of the subpoenas to documents and Fed.R.Civ.P. 30(b)(6) deposition topics to those that refer or relate to:

(a) Plaintiff's ability to lay the foundation for the introduction of the correlation of IP Address to subscriber for purposes of use at trial (i.e., laying the foundation that the correlating documents produced by the ISPs are business records);

(b) Information about the reliability of the ISPs' correlating technique;

(c) DMCA notices and if applicable six strike notices sent to the applicable subscribers;

(d) Defendants' Bandwidth usage;

(e) Content viewed by Defendants to the extent the content is the same show or movie that Plaintiff learned from third party BitTorrent scanning companies that Defendants also used BitTorrent to download and distribute.

Each of the above categories of documents and Fed.R.Civ.P. 30(b)(6) deposition topics is highly relevant. Indeed, (a) if Plaintiff cannot introduce the correlating evidence into trial then Plaintiff will lose its case. It is quite simply outcome dispositive. (b) The reliability of

---

[1] Although Plaintiff has obtained the actual name for John Doe 1, Plaintiff refers to John Doe 1 by his pseudo name because the Eastern District of Pennsylvania has entered a protective order prohibiting the Defendant's names from being made public.
[2] The Defendant's name has been redacted pursuant to a protective order.
[3] Unrelated content in the email has been redacted.

the ISPs' correlating techniques is also highly relevant. In other words, if the ISPs say there is a 99.99% chance that the correlation is accurate then that virtually eliminates any argument that there was a misidentification at the ISP correlation level. (c) DMCA notices and six strike notices are relevant because these notices may prove a pattern of infringement and/or notice that infringement is occurring. (d) Bandwidth usage is relevant because people who are heavy BitTorrent users use significantly more bandwidth than normal internet users. Finally, (e) Plaintiff has evidence that Defendants have used BitTorrent to download and distribute works belonging to third parties. If the Defendants also ordered these works from the ISPs or prequels or sequels to these works from the ISPs then it is probative evidence that the person using BitTorrent to download and distribute the third party works also controlled the pay-per-view cable selections.

A deposition is needed: (a) so that Plaintiff can avoid surprises at trial and properly prepare for trial; and (b) if the ISPs ignore a trial subpoena Plaintiff needs to be able to read the ISPs depositions into evidence. Also, Plaintiff intends to seek Defendants' stipulation to reading the deposition into evidence at trial so as to avoid the necessity of having the ISPs appear as witnesses.

Pursuant to the Cable Act 47 U.S.C. § 551(c), Judge Baylson issued a court order authorizing the ISPs to comply with the subpoenas. *See Malibu Media v. John Doe 1*, 2:12-cv-02078-MMB [CM/ECF ]. Plaintiff has reached an agreement with Comcast about the scope of the subpoena. And, Comcast has agreed to sit for a deposition. Plaintiff has not reached an agreement with Verizon. Toward that end, Defendant John Doe 1 has agreed to the release of the requested information by Verizon. Regardless, Verizon has refused to comply making it

necessary for Plaintiff to file a Motion to Compel Verizon to comply with the subpoena in this district.

### III. VERIZON'S GENERAL OBJECTIONS

"A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections." *IBEW-NECA Sw. Health & Benefit Fund v. Elec. Connections Contractors, Inc.*, CIV.A. 302CV0968L, 2003 WL 22132788 (N.D. Tex. Aug. 25, 2003). Verizon's general objections are frivolous and result mostly in *ad-hominem* attacks on Plaintiff. This is especially true when Plaintiff is in the process of attempting to litigate its case and Verizon in unreasonably withholding pertinent, indeed necessary, evidence in order for Plaintiff to prove its claims.

    A. <u>Verizon's Objection to the Subpoena on the Basis that the Subpoena is Intended to Harass Fails on Multiple Grounds</u>

Verizon's first objection states: "Verizon objects to the subpoena in its entirety on the basis that the subpoena is intended to harass Verizon, particularly in light of the pending motion by Verizon for leave to take discovery in the related Malibu Media actions. *See Malibu Media, LLC v. Verizon Online, LLC*, Case No. 6:12-mc-00017-C (N.D. Tex. Dec. 10, 2012)." Verizon's objection fails because, as stated above, the requested information by Plaintiff is either necessary to prove its case or entirely relevant to the pending action and the subpoena was not issued with the intention to harass Verizon. Further, Verizon withdrew its motion for discovery. *Id*. at CM/ECF 22.

B. <u>Verizon's Objection to the Subpoena on the Basis that is Unnecessary Fails on Multiple Grounds</u>

Verizon's second general objection states: "Verizon further objects to the subpoena in its entirety on the grounds that a deposition subpoena to a third-party is unnecessary, nor is it the efficient [sic] for the litigants in light of the availability of other means of discovery that are available." Objection at ¶2. Plaintiff's deposition of Verizon is necessary. As discussed above, the subpoena is necessary in order for Plaintiff to introduce into evidence as testimony the fact that Verizon correlated Defendant's identity to an IP address. Without this testimony, Plaintiff cannot demonstrate that Defendant is the proper party.

"The admissibility of business records as an exception to the hearsay rule is governed by Rule 803(6) of the Federal Rules of Evidence. … They are admissible when the requirements for laying a proper foundation for their admissibility have been met." *United States v. Young Bros., Inc.*, 728 F.2d 682, 693 (5th Cir. 1984). "Any person in a position to attest to the authenticity of certain records is competent to lay the foundation for the admissibility of the records; he need not have been the preparer of the record, nor must he personally attest to the accuracy of the information contained in the records." *Id*. Here, Plaintiff simply needs a representative of Verizon to attest to the authenticity of the subscriber records it sent to Plaintiff in order for Plaintiff to correlate Defendant to an IP address that was caught infringing its movies. Without Verizon's deposition, Plaintiff cannot do so, and therefore cannot show that Defendant owned the infringing IP address. This testimony is *necessary* for its case.

The additional information that Plaintiff requests has been narrowly tailored to contain only relevant information that will assist with Plaintiff's ability to demonstrate that the subscriber is the infringer. This further makes Plaintiff's request not "unnecessary".

C. <u>Verizon's Objection to the Subpoena On the Basis that a Deposition is Unduly Burdensome, Abusive, and Unnecessary is Frivolous</u>

Verizon's third objection improperly asserts that Plaintiff's subpoena for a deposition is unduly burdensome, abusive and unnecessary on the grounds that: (1) Malibu Media joins defendants in cases; (2) Malibu Media engages in "shakedown tactics against Doe defendants"; (3) Malibu Media's investigative techniques call into question whether Malibu Media has identified the proper defendant; and, (4) any Verizon representative would not have the requisite knowledge to assist the Court or the parties in resolving the action. Objections at ¶ 3. As set forth below, all of the arguments fail and are frivolous.

1. <u>Verizon's Objection Based on Misjoinder Fails on Multiple Grounds</u>

Verizon's objection that "Malibu Media" continues to misuse the judicial process by filing multi-Doe actions across the county without any intention of proceeding to trial" is frivolous, and considering the facts that led to this subpoena, actually absurd. First, Verizon lacks standing to raise any joinder objections because it is not a party. *See AF Holdings LLC v. Does 1-1,058*, 2012 WL 3204917, at *8 (D.D.C. 2012) (holding that if misjoinder "did exist in the underlying action, [it] must be raised, and may be waived, by named defendants.") Second, Malibu Media is subpoenaing Verizon for information it plans to use *at trial*. Indeed, if Malibu Media had no intention of litigating its case, the subpoena would not have been issued. Third, Judge Baylson, who is presiding over the underlying case, has specifically decided as this point in time to not sever the Doe Defendants until after the Bellwether trial, denying multiple motions to sever. "Depending on the results of the anticipated proceedings outlined below, the Court will consider whether the other John Does should be severed at some future time, either upon a motion or *sua sponte*". *Malibu Media, LLC v. John Does 1-16*, CIV.A. 12-2078, 2012 WL 4717893 (E.D. Pa. Oct. 3, 2012). Indeed, one of Judge Baylson's purposes for having the

Bellwether trial is determine the propriety of joinder at this time. Verizon is directly interfering and preventing a trial from taking place that will resolve the issue of joinder. Not only are Verizon's objections wrong, frivolous, and unwarranted, Verizon is actually disrupting and interfering with a legitimate court process to resolve any concerns it raises.

2. Malibu Media Does Not Engage in Shakedown Tactics

Verizon's claim that Malibu Media engages in "shakedown tactics" is nothing more than an *ad-hominem* attack. "The only argument remaining—that copyright infringement suits of this sort are baseless 'fishing expeditions' used solely to extort money from alleged infringers—amounts to nothing more than an *ad hominem* attack on the Plaintiff. This line of argument fails to persuade." *AF Holdings, LLC v. Does 1-162*, 11-23036-CIV, 2012 WL 488217 at *1 (S.D. Fla. Feb. 14, 2012). As stated above, Malibu Media does not seek this information to engage in a "shake down tactic," Malibu Media is seeking to litigate its copyright infringement case and is requesting evidence so that it may demonstrate that the Defendant harmed Plaintiff in violation of the law.

3. Malibu Media's Investigative Techniques Are Reliable

Verizon further claims as a basis for its objection that "lack of reliable investigative techniques calls into question whether Malibu Media has identified the proper defendant in the underlying action." Objections ¶3(c). As stated above, the purpose of the trial in which Malibu Media has requested this subpoena is to determine whether Malibu Media identified the correct Defendants. At the present time, it is only Verizon's actions that stand in the way of Malibu Media's validation. Verizon cannot raise objections in order to interfere with the Court's adjudication of these very same issues.

4. <u>Verizon Representatives Have the Requisite Knowledge</u>

Verizon's final objection to the subpoena being unduly burdensome is that "[a]ny Verizon representative would not have the requisite knowledge to assist the Court or the parties in resolving the action." Objections at ¶3(d). This statement is demonstrably false because (1) a Verizon representative performed the look-up and identified the Defendant as the owner of the IP address that Plaintiff alleged infringed its copyrights; (2) Verizon issues DMCA notices to its subscribers and only a Verizon representative would have knowledge of DMCA notices it actually sent; (3) Verizon records the bandwidth usage of its subscribers and only a representative would have access to those records; (4) Verizon provides Defendant John Doe 1 with services that allow for On Demand streaming of movies and only a representative of Verizon has access to these records. Plaintiff is only requesting that Verizon provide information contained in its records and have a representative testify that these records are authentic.

D. <u>Verizon's Fourth, Fifth, and Sixth Objections Are Moot</u>

Verizon's Fourth Objection relates to the date and location of the deposition. Verizon's Fifth Objection relates to the time to identify its representative and Verizon's Sixth Objection relates to the date for production of documents. Each of these objections are moot because Plaintiff is willing to negotiate a reasonable time and place, so long as Plaintiff is able to receive the documents and take Verizon's deposition in time for trial.

E. <u>The Underlying Court Has Entered A Protective Order Mooting Verizon's Seventh Objection</u>

Verizon's Seventh Objection states: "Verizon objects to each of the document requests and deposition topics, to the extent that it seeks confidential or proprietary documents or information belonging to Verizon." Objection at ¶7. Pursuant to the Confidential Protective

Order entered in the underlying case, Verizon may designate any information as "Confidential", "Confidential – Attorney's Eyes Only", "Confidential – Outside Attorney's Eyes Only" and the information will remain between the designated parties. *See Malibu Media v. John Doe 1*, 2:12-cv-02078 (E.D. Pa. March 6, 2013) at CM/ECF 102. Verizon's seventh objection is moot because the underlying court has already determined a process for handling such information.

    F. <u>Plaintiff's Subpoena is Not Vague and Ambiguous Because Verizon Identified the Defendant In The Underlying Case As Its Subscriber</u>

Plaintiff seeks information only relating to the Defendant that Verizon identified in the underlying case. Verizon's objection that the Defendant's name is vague and ambiguous is frivolous because Verizon identified the name of the Defendant as the subscriber of the IP address in Plaintiff's suit.

    **IV. VERIZON'S OBJECTIONS TO PLAINTIFF'S REQUESTS FOR DOCUMENTS**

As stated above, Plaintiff has narrowed its documents request considerably, rendering the majority of Verizon's objections moot and has informed Verizon of this in writing. To the extent any of Verizon's objections apply to Plaintiff's narrowed requests for production, Plaintiff's requests are either necessary or relevant to its case. Plaintiff has simplified its requests to the greatest extent possible and these records only relate to one Defendant. The remaining documents that Plaintiff requests are kept in the ordinary course of business and should be readily available for Verizon to produce. Plaintiff's good faith conferences and narrow subpoena demonstrate Plaintiff's intent to issue this subpoena in good faith in order to receive evidence to prosecute its case.

## V. VERIZON'S OBJECTIONS TO DEPOSITION TOPICS

Verizon's objections to Plaintiff's deposition topics are: (1) that the topics are overly broad and unduly burdensome; (2) not relevant or reasonably calculated to lead to discovery of admissible evidence; (3) vague and ambiguous; and (4) seeks information protected by third parties' rights to privacy. Each of Verizon's objections fails to note with any specificity its basis for such an objection. "It was well-settled under the federal rules in effect prior to July 1, 1970, that in conventional lawsuits in federal court, objections to interrogatories had to be specific and general objections that the information sought was irrelevant, immaterial, oppressive, conclusory or already in possession of the requesting party were insufficient." *Wurlitzer Co. (Holly Springs Div.) v. U.S. Equal Employment Opportunity Comm'n*, 50 F.R.D. 421, 424 (N.D. Miss. 1970). Even if Verizon's objections did have merit, Plaintiff has limited its deposition topics to only those that are necessary or relevant to prove its case, has clearly identified to Verizon the subject matters and questions it will ask in its deposition and no privacy rights are implicated because the subscriber has consented to the release of the information. For these reasons, Verizon's objections are frivolous and should be overruled.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court overrule Verizon's Objections, order immediate compliance with the subpoenas and hold Verizon in contempt for failing to comply with same.

## VII. CERTIFICATE OF CONFERENCE

Plaintiff, by and through undersigned counsel, and pursuant to Local Rule 7.1, hereby certifies that on February 1st, 2013 a telephonic conference was held between Plaintiff's counsel Keith Lipscomb, Esq. and counsel for Verizon, Giancarlo Urey, Esq., in a good faith effort to

resolve the issues raised by this Motion. Counsel for Verizon communicated during this conference that Verizon is not in agreement with the relief sought herein and will not withdraw any of the Objections at issue. As such, this Motion is opposed.

WHEREFORE, Plaintiffs respectfully request entry of an Order:

(A) Overruling each of Verizon's Objections;

(B) Compelling that Verizon comply forthwith with Plaintiff's subpoena and produce the requested information pursuant to Fed. R. Civ. P. 45(c)(2)(B)(i);

(C) Holding Verizon in contempt for failing to obey Plaintiff's subpoena pursuant to Fed. R. Civ. P. 45(e); and

(D) For such other and further relief as the Court deems just and proper.

DATED: March 29, 2013

                              Respectfully submitted,

                              **Ni, Wang & Associates, PLLC**

                              By: /s/ Hao Ni
                                  Hao Ni, Esq.
                                  8140 Walnut Hill Lane, Suite 310
                                  Dallas Texas 75231
                                  Telephone No.: (972) 331-4602
                                  Facsimile No.: (972) 314-0900
                                  *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via electronic correspondence and U.S. Mail to: Giancarlo Urey, Esq. [GUrey@mofo.com], Morrison & Foerster, LLP, 555 West Fifth Street, Los Angeles, California 90013-1024, on this 1st day of April, 2013.

By: /s/ Hao Ni
    Hao Ni, Esq.