# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

Civil Action No. 2:12-cv-02078-MMB

MALIBU MEDIA, L.L.C,

   Plaintiff,

v.

JOHN DOE 16,

   Defendant.

## PLAINTIFF'S NOTICE OF F.R.C.P. 30(b)(6) CORPORATE DEPOSITION OF RECORDS CUSTODIAN FOR VERIZON INTERNET SERVICES

**PLEASE TAKE NOTICE** that on January 29th, 2013 beginning at 9:00 a.m., Plaintiff, MALIBU MEDIA, L.L.C (hereinafter "Plaintiff"), by its attorneys, will take the deposition upon oral examination of the Records Custodian for VERIZON INTERNET SERVICES pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure pursuant to attached subpoena.

Dated: December 21, 2012

Respectfully submitted,

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2012, I served a copy of the foregoing upon the persons on the attached service list.

By: /s/ *M. Keith Lipscomb*

**SERVICE LIST**

Ronald A. Smith, Esq.  *Service by USPS & email*
Ronald A. Smith & Associates
1617 JFK Boulevard
Suite 1240
Philadelphia, PA 19103
Email: ronaldasmithesq@aol.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the Northern District of Texas

| | |
|---|---|
| Malibu Media, LLC.<br><br>                            *Plaintiff,*<br><br>            v.<br><br>John Doe 16 ,<br><br>                            *Defendant.* | Civil Action No. #:  2:12-cv-02078-MMB<br><br>UNITED STATES DISTRICT COURT<br>FOR THE EASTERN DISTRICT OF<br>PENNSLYVANIA |

## SUBPOENA DUCES TECUM WITH 30(b)(6) CORPORATE DEPOSITION OF RECORDS CUSTODIAN FOR VERIZON INTERNET SERVICES

To: Records Custodian For:
Verizon Internet Services
Legal Compliance
P.O. Box 1001
San Angelo, TX 76902
Via Facsimile: (325) 949-6916

[X] *Production*: YOU ARE COMMANDED to appear at the time, date, and place set forth below and bring with you the documents responsive to the request set for on Schedule "A", and be prepared to discuss the topics set forth on Schedule "B".

In accordance with Rule 30(b)(6), Fed.R.Civ.P., VERIZON INTERNET SERVICES shall designate one or more officers, directors or managing agents, or other persons who are most knowledgeable about the subject matter categories set forth in Schedule "A". VERIZON INTERNET SERVICES is requested to identify the designated witness for each of the subject matter categories set forth in Schedules "A" and "B" to counsel for Plaintiff no later than 5 p.m. EST on January 17, 2013. In addition, VERIZON shall provide the documents responsive to Exhibit "A" ten (10) days prior to the date of the deposition or January 18, 2013.

**Note: Please have the documents ready for inspection and pick up at Verizon offices, located at 2701 South Johnson Street, San Angelo, TX 76904 by January 17, 2013. Unless you otherwise notify us that the documents are not ready, the documents will be picked up on the due date set forth on the subpoena.**

| Place: Holiday Inn Express Hotel & Suites<br>4613 West Houston Harte Expressway,<br>San Angelo, TX 76901 | Date and Time:<br>JANUARY 29, 2013 @ 9:00 a.m. |
|---|---|

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 12/21/12

CLERK OF COURT

_____    OR    _____
Signature of Clerk or Deputy Clerk         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
M. Keith Lipscomb, Esq., Lipscomb, Eisenberg & Baker, PL, 2 South Biscayne Boulevard, Ste. 3800, Miami, FL. 33131, Telephone: (786) 431-2228, Email: klipscomb@lebfirm.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information;
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.*
These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is

privileged or subject to protection as trial preparation material must: **(i)** expressly make the claim; and **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Malibu Media, LLC v. John Doe 16
Case No: 2:12-cv-02078-MMB

## Schedule A

(a) Any and all document(s) that refers or relates to or comprises a record that the Defendants received a DMCA notice, including but not limited to the DMCA record.
(b) A document that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' for customers.
(c) A document that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' for customers each of the smallest following geographic region ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
(d) Any and all documents that refer, relate to, or comprise records indicating the amount of internet bandwidth used by ▮▮▮▮▮▮▮▮▮▮ during the past three years. Please provide these records in the smallest time increments that you maintain such archives.
(e) Any and all documents that refer, relate to, or comprise records of any television shows, movies, or any other form of audiovisual performance(s) which your records indicate ▮▮▮▮▮▮▮▮▮▮ ordered via pay-per-view service television (or other device capable of viewing audiovisual performances) during the last three years. For the avoidance of doubt, we are not seeking a schedule of programs generally but instead records which you may possess that indicate which programs or audiovisual performances ▮▮▮▮▮▮▮▮▮▮ watched.
(f) A complete copy of each of the terms and use of agreements which were in place between you and ▮▮▮▮▮▮▮▮▮▮
(g) A complete copy of each of the privacy policies which were in place between you and ▮▮▮▮▮▮▮▮▮▮
(h) A complete copy of each of the contracts which have ever been in force between you and ▮▮▮▮▮▮▮▮▮▮
(i) A complete copy of each of the manual(s) provided by you to ▮▮▮▮▮▮▮▮▮▮ in association with any and all wireless internet router(s) you provided to ▮▮▮▮▮▮▮▮▮▮
(j) A complete copy of each of the instruction(s) provided by you to ▮▮▮▮▮▮▮▮▮▮ in association with any and all wireless internet router(s) you provided to ▮▮▮▮▮▮▮▮▮▮
(k) A complete copy of each of the manual(s) provided by you to ▮▮▮▮▮▮▮▮▮▮ in association with the internet service you provided to ▮▮▮▮▮▮▮▮▮▮ or ▮▮▮▮▮▮▮▮▮▮ usage thereof.
(l) A complete copy of each of the instruction(s) provided by you to ▮▮▮▮▮▮▮▮▮▮ in association with the internet service you provided to ▮▮▮▮▮▮▮▮▮▮ or ▮▮▮▮▮▮▮▮▮▮ usage thereof.
(m) Complete copies of any or all notices, letters, bills, invoices and other Documents that you provided to Defendant.
(n) Complete copies of any document, including documents on your website, to which Defendant had access, either directly or via the internet, which refers or relates to your policy concerning infringement of intellectual property rights over the internet.
(o) The process used to correlate the IP address with subscriber after the party has provided the initial subpoenaed information.

Malibu Media, LLC v. John Doe 16
Case No: 2:12-cv-02078-MMB

## Schedule B

(a) Discussion of document(s) that refers or relates to or comprises a record that the Defendants received a DMCA notice, including but not limited to the DMCA record.

(b) Discussion of the document(s) that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' for customers.

(c) Discussion of the document(s) that sets forth and summarizes the average internet bandwidth usage of Verizon Internet Services' customers in the each of the smallest of the following geographic region ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌

(d) Discussion of document(s) that refers or relates to or indicates the amount of internet bandwidth used by ▌▌▌▌▌▌▌▌▌ during the past three years. Please provide these records in the smallest time increments that you maintain such archives.

(e) Discussion of any and all document(s) that refers, relates to, or comprises records of any television shows, movies, or any other form of audiovisual performance(s) which your records indicate ▌▌▌▌▌▌▌ ordered via pay-per-view service television (or other device capable of viewing audiovisual performances) during the last three years. For the avoidance of doubt, we are not seeking a schedule of programs generally but instead records which you may possess that indicate which programs or audiovisual performances ▌▌▌▌▌▌▌ watched.

(f) Explanation of each of the terms and use agreements which were in place between you and ▌▌▌▌▌▌▌

(g) Explanation of each of the privacy policies which were in place between you and ▌▌▌▌▌▌▌

(h) Explanation of the contracts which have ever been in force between you and ▌▌▌▌▌▌▌

(i) Interpretation of each of the manual(s) provided by you to ▌▌▌▌▌▌▌ in association with any and all wireless internet router(s) you provided to ▌▌▌▌▌▌▌

(j) Explanation of the instruction(s) provided by you to ▌▌▌▌▌▌▌ in association with any and all wireless internet router(s) you provided to ▌▌▌▌▌▌▌

(k) Interpretation of the manual(s) provided by you to ▌▌▌▌▌▌▌ in association with the internet service you provided to ▌▌▌▌▌▌▌ or ▌▌▌▌▌▌▌ usage thereof.

(l) Explanation of the instruction(s) provided by you to ▌▌▌▌▌▌▌ in association with the internet service you provided to ▌▌▌▌▌▌▌, or ▌▌▌▌▌▌▌ usage thereof.

(m) Discussion of copies of any all notices, letters, bills, invoices and other Documents that you provided to Defendant.

(n) Discussion of any document(s), on your website, to which Defendant had access, either directly or via the internet, which refers or relates to your policy concerning infringement of intellectual property rights over the internet.

(o) Explanation of the process used to correlate the IP address with subscriber after the party has provided the initial subpoenaed information.